

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-22-00222-CV
_____

IN THE INTEREST OF G.M.S., A CHILD

On Appeal from the 84th District Court
Ochiltree County, Texas
Trial Court No. CV15,064, Honorable Curt W. Brancheau, Presiding

December 22, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, the mother of one-year-old GMS, appeals the trial court's order terminating her parental rights. She raises six issues challenging the order. We affirm.

### Background

GMS was removed from her mother's care at the time of birth following the mother's positive drug tests revealing the presence of illegal substances. Her drug use also caused GMS to suffer two in-utero heart attacks. The mother admitted she used methamphetamine and marijuana while pregnant and also admitted to a long history of

abusing both drugs. The mother continued to use illegal substances during the pendency of the case as evinced by positive drug tests and recurrent no-shows for drug testing, including one just prior to the final hearing. She also failed to complete all services requested for the successful return of GMS to her care.

At the time of the final hearing, GMS was placed with her grandfather where she was "doing good," but the grandfather suffered medical issues that prevented him from being a long-term placement for the child. However, GMS's maternal aunt sought to adopt her, pending successful completion of a home study.

The mother did not appear at the final hearing, though her attorney did. At the conclusion of the proceeding, the trial court terminated the mother's rights pursuant to several statutory grounds and determined that termination was in the best interest of the child.

***Analysis***

***Issue One—Pleadings***

Via her first issue, the mother argues the trial court committed reversible error because it terminated her parental rights pursuant to the original, rather than amended, petition. This purportedly violated Texas Rule of Civil Procedure 65. Assuming this circumstance to be accurate, we overrule the issue for several reasons.

First, the mother made no complaint about the trial court's reference to paragraphs in the original petition when announcing the statutory grounds warranting termination. That utterance came at the end of trial while the court announced its decision. The lack of a timely complaint, as required by Texas Rule of Appellate Procedure 33.1, results in her waiver of the matter. *See* TEX. R. APP. P. 33.1.

Second, the Department's live, amended pleading also encompassed the very statutory grounds alluded to by the court at trial. Moreover, the trial court's written findings, which appear in its final order, specify the statutory grounds upon which it acted without allusion to any particular pleading. Those grounds, as just said, appear in the Department's live pleading. Thus, the written findings of the trial court supersede any oral pronouncement at trial. *In re E.D.*, No. 02-20-00208-CR, 2022 Tex. App. LEXIS 87, at *28 (Tex. App.—Fort Worth Jan. 6, 2022, no pet.) (mem. op.). In other words, the trial court found the existence of statutory grounds warranting termination, which grounds were alleged in the Department's live pleading.

### Issues Two through Six—Sufficiency of the Evidence

In issues two through six, the mother attacks the sufficiency of the evidence underlying both the findings of a statutory ground warranting termination and of termination being in GMS's best interest. The applicable standard of review is that described in *In re J.F.-G.*, 627 S.W.3d 304 (Tex. 2021). We apply it here. It requires us to assess whether the record contained sufficient evidence permitting the factfinder to form a firm conviction and belief of a predicate statutory ground for termination and that the child's best interest favored termination.

### Statutory Grounds

The trial court found a myriad of predicate statutory grounds warranting termination. We need only decide if one has the requisite evidentiary support. *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003) (stating that only one finding under section 161.001(b)(1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest).

Given the record before us, we consider the evidence supporting 161.001(b)(1)(D) of the Family Code. It permits termination upon clear and convincing proof that a parent has "knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child[.]" TEX. FAM. CODE ANN. § 161.001(b)(1)(D). "Conduct of a parent or another person in the home can create an environment that endangers the physical and emotional well-being of a child as required for termination under subsection (D)." *In re J.D.B.*, 435 S.W.3d 452, 463-64 (Tex. App.—Dallas 2014, no pet.). "Inappropriate, abusive, or unlawful conduct by persons who live in the child's home is part of the 'conditions or surroundings' of the child's home under subsection (D)." *Id.* (citing *In re M.R.J.M.*, 280 S.W.3d 494, 502 (Tex. App.—Fort Worth 2009, no pet.) ("A child is endangered when the environment creates a potential for danger that the parent is aware of but disregards.")). *See also In re W.S.*, 899 S.W.2d 772, 776 (Tex. App.—Fort Worth 1995, no writ) ("environment" refers not only to the acceptability of the living conditions but also to a parent's conduct in the home). Significantly, parental illegal drug use supports the conclusion that the child's surroundings endanger her physical or emotional well-being. *In re A.M.A.*, No. 13-22-00011-CV, 2022 Tex. App. LEXIS 2420, at *11-12 (Tex. App.—Corpus Christi Apr. 14, 2022, no pet.) (mem. op.). And, "[d]rug abuse during pregnancy constitutes conduct that endangers a child's physical and emotional well-being." *In re B.R.*, No. 02-11-00146-CV, 2011 Tex. App. LEXIS 9033, at *9 (Tex. App.—Fort Worth Nov. 10, 2011, no pet.) (mem. op.).

Here, a Department permanency specialist, Michele Slagle, testified that GMS was removed from her mother's care at the time of her birth because the mother tested positive

for illegal substances. The mother admitted to hospital staff that she used methamphetamine and marijuana while pregnant. Also, it was discovered that GMS suffered two in-utero heart attacks due to her mother's drug use during pregnancy. Additionally, the mother continued to test positive or did not appear for drug testing throughout the pendency of the case. The court-appointed advocate agreed with Slagle's assessment, telling the court that ten months into the case, the mother was still testing positive for illegal substances and had not worked her services. It was also noted during the final hearing that the mother has two older children who resided with her brother because she could not care for them as a result of her drug use.

Slagle also told the court that contact with the mother during the case had been difficult and that she was unreliable. While the mother did attend some visits with her child and engaged well with GMS when she did so, she did not always attend and was often unreachable. In fact, in the weeks prior to the final hearing, the mother's phone had been disconnected.

The mother suggests termination was impermissible under (D) because she did not know of the endangering environment. The endangering environment included her drug use during pregnancy. She cites us to nothing of record suggesting that she was unaware of her drug habit and use while pregnant. Indeed, the record illustrates otherwise.

We find that the trial court could have reasonably formed a firm belief or conviction that the elements of section 161.001(b)(1)(D) were met. And, our so holding relieves us from assessing the sufficiency of the evidence underlying the trial court's finding of other

statutory grounds permitting termination. The mother's issues regarding the sufficiency of evidence establishing a predicate statutory ground are overruled.

### Best Interest

We turn now to the mother's final issue, that being whether sufficient evidence supports the finding that termination was in GMS's best interest. Because it does, the issue is overruled.

In analyzing the issue, we apply the multiple, though non-exclusive, factors in *Holley v. Adams*, 544 S.W.2d 367 (Tex. 1976) and in section 263.307(b) of the Texas Family Code.[1] Their application to the evidence does not favor the mother's position. That evidence includes all we mentioned when considering the preceding sufficiency issues. To it, we add the evidence that GMS is "doing good" with her grandfather. Furthermore, her maternal aunt and uncle are willing to adopt her, pending completion of a home study. Also, GMS's siblings live with the mother's brother within ten to fifteen miles of the aunt. The caseworker opined that the home study of the aunt would be successful and stated she had no concerns with GMS being placed there. Both the caseworker and the court-appointed advocate testified that it was in GMS's best interest that the mother's parental rights be terminated so that the adoption could proceed.[2]

On the other hand, the mother's failure to attend trial is evidence of her interest (or lack thereof) in maintaining a parental relationship with her child. Furthermore, counsel articulated no plans of the mother concerning GMS. Of significant concern, again, was

---

[1] TEX. FAM. CODE ANN. § 263.307(b).

[2] At the final hearing, counsel repeatedly advocated that the aunt be named primary managing conservator rather than terminating the mother's parental rights. However, termination allows adoption to proceed, and it was within the trial court's discretion to find that termination was in GMS's best interest.

6

the mother's continued drug use during the pendency of the case and her failure to complete her services to a satisfactory degree to secure the return of GMS to her care.

In light of the foregoing, we again conclude that the evidence permitted the trial court to form a firm conviction and belief that termination of the mother's parental relationship with GMS was in the child's best interest. We resolve the mother's final issue against her.

### Conclusion

Having overruled the mother's issues on appeal, we affirm the trial court's judgment.

Brian Quinn
Chief Justice